IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAMES GARLAND JOHNS,        *
ADC #655824,                    *
                                  *
            Plaintiff,        *
v.                              *
                                  *      No. 1:13CV00043-JJV
JOHN FERGUSON, Lt., Independence  *
County Jail; *et al.*             *
                                  *
            Defendants.      *

## MEMORANDUM AND ORDER

## I.    INTRODUCTION

Plaintiff Johns, a state inmate confined at the Omega Center of the Arkansas Department of Correction (ADC), filed this action *pro se* pursuant to 42 U.S.C. §1983, based on incidents which occurred while he was incarcerated at the Independence County Jail (Jail).  In his Amended Complaint, Johns alleges: Defendant McNally failed to intervene to protect him when two inmates beat him, Defendant Ferguson would not respond to his requests for help, Defendants McNally and Englehardt denied his requests for medical help, and Defendant Rose refused to take x-rays and allow him to see a doctor.  (Doc. No. 4 at 4.)

Pending before the Court is Defendants' Motion for Summary Judgment (Doc. No. 23), to which Plaintiff has not filed a response.[1]

---

[1]On February 27, 2014, the Court provided Plaintiff the opportunity to file a response to the Motion within twenty-one days of the date of the Order, noting that failure to respond would result in all of the facts in Defendants' summary judgment pleadings being deemed admitted, pursuant to Local Rule 56.1(c), or dismissal of this action without prejudice, pursuant to Local Rule 5.5(c)(2) (Doc. No. 26).  The copy of the Order sent to Plaintiff at his last-known address was returned by the U.S. Postal Service on March 10, 2014, marked "not at this address, unable to forward." (Doc. No. 27).

## II.     SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial."  *Id*. at 1135 (citations omitted).  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id*.

Because Plaintiff failed to respond to Defendant's Motion, the Court finds no dispute of material fact that Defendants did not violate his constitutional rights, for the following reasons.

In his deposition, Plaintiff stated he was booked into the Jail on March 9, 2013, and during the evening while he was sleeping in his cell, inmates Willie Jones and Brandon dragged him off his bunk and beat and stomped on him.  (Doc. No. 24-1 at 2, 10-11.)  Plaintiff had known Jones and Brandon prior to their incarceration, never had problems with them, and admitted that the altercation was a surprise to him, as it would have been to the officials at the Jail.  (*Id*. at 12.)  At the time of the incident, Defendant McNally was standing outside Plaintiff's cell, but failed to call for help or intervene, other than to tell the inmates to stop beating him.  (*Id*. at 14, 28.)  After the incident, McNally locked Plaintiff in his cell while he took the other inmates to be locked up, and then

returned to check on Plaintiff's injuries.  (Doc. No. 24-1 at 16.)  Plaintiff was bleeding from his ear, eye, and mouth and requested medical attention from McNally, and from Defendant Englehardt who appeared in the hallway after the incident.  (*Id*. at 17, 26.)   Englehardt told Plaintiff she would get back with him.  (*Id*. at 26.)

Plaintiff did not know if anyone called a nurse or doctor that night, and although he complained that Defendants did not provide him with items to clean himself, he did have access to a sink in his cell.  (*Id*. at 27.)  The incident occurred on a weekend, when Nurse Rose was off duty, but Rose examined him on March 11, 2013.  (*Id*. at 11, 19.)  Rose noted that Plaintiff's left eye and ear were bruised, he had scratches and bruises on his torso, and she provided him with Ibuprofen for three days.  (*Id*. at 20; Doc. Nos. 24-2 at 2; 24-3.)  After Plaintiff wrote a medical request, Rose took a urine sample on March 18, 2013, and arranged for a doctor appointment.  (Doc. No. 24-1 at 20.) He was taken to a medical clinic on April 10, 2013.  (*Id*. at 6.)  The doctor did not order x-rays, but gave Plaintiff a prescription for an antibiotic for his ears.  (*Id*. at 7.)  Plaintiff was transferred to the Jackson County Jail that day, and did not receive the antibiotic.  (*Id*. at 7-8.)  He has not requested to see a doctor since then.  (*Id*. at 6.)

Plaintiff testified that after the incident, he sent Ferguson a request to be moved and Ferguson was aware of the incident.  (*Id*. at 25.)  Ferguson was not present during the incident, and the only time Plaintiff saw him was during transport to the doctor.  (*Id*. at 26.)  He was moved to a different cell away from inmates Jones and Brandon.  (*Id*. at 25.)  He claims Defendant Rose did not respond to his verbal requests to see a doctor and would not talk to him.  (*Id*. at 21-22.)

According to Rose's affidavit and the accompanying medical notes, she examined Plaintiff on March 11, 2013, and provided him with Ibuprofen for pain. (Doc. No. 24-2 at 2.) On March 18, 2013, at his medical request, she ordered a urine sample and faxed the results to an outside clinic.

(*Id.*)  That same day the clinic called her with an appointment for Plaintiff to see a physician on April 10, 2013.  (*Id.*)

## A.    Official Capacity Claims

Plaintiff's allegations against Defendants in their official capacities should be dismissed, because Plaintiff does not allege that their actions were the result of a governmental (Independence County) custom or policy, or provide evidence of a pattern of unconstitutional conduct sufficient to establish a custom.  *Stauch v. City of Columbia Heights*, 212 F.3d 425, 432 (8th Cir. 2000); *Parrish v. Luckie*, 963 F.2d 201, 204 (8th Cir. 1992).  Rather, he stated in his deposition that all four Defendants violated the policies and procedures of the Jail.  (Doc. No. 24-1 at 32.)

## B.    Failure to Protect

Plaintiff's failure to protect allegation against Defendant McNally in his individual capacity also should be dismissed, because Plaintiff admitted that the inmates' attack on him was a surprise to him, as well as anyone else at the Jail.  (*Id.* at 12.)

Since Plaintiff was a pretrial detainee at the time of his incarceration, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement.  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims. *Whitnack v. Douglas County,* 16 F.3d 954, 957 (8th Cir. 1994).  Therefore, to support an Eighth Amendment claim for relief, Plaintiff must allege and prove that he was incarcerated under conditions posing a substantial risk of serious harm, and that Defendant recklessly disregarded that risk.  *Jackson v. Everett*, 140 F.3d 1149, 1151-1152 (8th Cir. 1998).  Here, Plaintiff admitted in his deposition that he was not aware of a risk of harm from the two inmates; therefore, Defendant McNally also could not have been aware of the risk.  In addition, Plaintiff fails to provide any

4

evidence of deliberate indifference by McNally in preventing or warding off the attack.  He admitted in his deposition that his door was open for recreation call, the inmates surprised him and woke him up when they entered his cell, they pulled him off his bunk within ten seconds, and the inmates stopped beating him and left his cell when McNally told them to stop.  (*Id*. at 14-15, 28.)  He also admitted that if McNally had used his pepper spray during the attack, Plaintiff would have also been sprayed.  (*Id*. at 30.)  Plaintiff's claim that McNally could have acted sooner to stop the attack is not sufficient to establish deliberate indifference; and an allegation of negligent behavior is insufficient to support a claim.  *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003).

## C.    Supervisory Liability

In addition, Plaintiff provides no proof to support a constitutional violation by Defendants Ferguson and Englehardt.  He admitted they were not present at the time of the incident, and again, that the attack was a surprise.  (Doc. No. 24-1 at 12, 33.)  Furthermore, his allegations against Defendant Ferguson appear to be based on his supervisory authority, without any claim of prior knowledge or personal participation.   Supervisor liability is limited in § 1983 actions, and a supervisor can not be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions.  *See White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994).   A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation.  *Choate v. Lockhart*, 7 F.3d  1370, 1376 (8th Cir. 1993).  Therefore, the Court finds this claim against Defendants should be dismissed.

## D.    Denial of Medical Care

Plaintiff's medical claims against Defendants also should be dismissed, because he fails to allege and prove that they acted with deliberate indifference to a serious medical need.  *Farmer v.*

*Brennan*, 511 U.S. 825, 834 (1994).   At best, Defendants were negligent in their handling of Plaintiff's medical care.  An allegation of negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.  *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).   Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).  *See also Smith v. Marcantonio*, 910 F.2d at 502 (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).     In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds) (quoting *Hill v. Dekalb Regional Youth Detention Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994)).

     With regard to Lt. Ferguson, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). A prison official who is "not involved in treatment decisions made by the medical unit's staff and 'lacked medical expertise,...cannot be liable for the medical staff's diagnostic decision[s].'" *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (quoting Camberos, 73 F.3d at 176).  "[I]f any claim of medical indifference ... is to succeed, it must be brought against the individual directly responsible for [plaintiff's] medical care." *Kulow v. Nix*, 28 F.3d 855, 859 (8th Cir. 1994), quoting *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992.) *does this apply to Lt. Ferguson?  really not clear*

     Plaintiff alleges Defendants Englehardt and McNally denied him medical care on the night

of the incident.  He admitted they asked him if he needed treatment, and then said they would get back with him.  (Doc. No. 24-1 at 17, 26.)  The incident occurred on a weekend, and he did not know if Defendants called a doctor or a nurse.  (*Id*. at 27.)  Nurse Rose examined and treated him on March 11, 2013, and provided pain medication and a prescription.  (*Id*.)  While Defendants Englehardt and McNally may have acted negligently, Plaintiff provides no allegation or proof that they acted with deliberate indifference to a serious medical need.

Furthermore, Plaintiff's allegations against Defendant Rose are based on a disagreement over the type of treatment she provided, which also does not support a constitutional claim.  The medical records and affidavit of Rose provide proof that she treated him, provided him with pain medications, conducted an urinalysis, and arranged for an appointment with a physician.  (Doc. Nos. 24-2 at 2, 24-3.)  The records also show that the clinic, not Defendant Rose, scheduled the doctor's appointment; Plaintiff's complaint that he did not see the doctor sooner is a complaint over the type of treatment Rose provided, which is not a constitutional violation.  In addition, Plaintiff provides no medical proof of a detrimental effect from any delay in his medical treatment, which is necessary to support an Eighth Amendment claim.  *Beyerbach v. Sears*, 49 F.3d at 1326.

### E.    Qualified Immunity

Defendants also move for summary judgment based on the doctrine of qualified immunity. Qualified immunity protects officials who acted in an objectively reasonable manner.  It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity is a question of law, not a question of fact.  *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005).  Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v.*

7

*Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[2]  Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

Upon close review of the medical records and the evidence in support of Defendants' Motion, and absent any response from Plaintiff to provide a dispute of material fact, the Court finds that Defendants acted reasonably under the circumstances.  No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right.

## III.   CONCLUSION

IT IS, THEREFORE, ORDERED that Defendants' Summary Judgment Motion (Doc. No. 23) is GRANTED, and Plaintiff's Complaint is DISMISSED with prejudice.

An appropriate Judgment shall accompany this Memorandum and Order.

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

IT IS SO ORDERED this 4th day of April, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE